**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ANDREW P.J. WHITAKER | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv173 |
| AUSTIN MCDONALD, ET AL. | § | |

ORDER OVERRULING OBJECTIONS AND ACCEPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Andrew P.J. Whitaker,  proceeding *pro se*, filed the above-styled civil rights lawsuit against Austin McDonald, Derrick Stinson, Frank Rudisill and Albert Patterson.  The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.  The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this lawsuit be dismissed for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings.  Plaintiff filed objections to the Report and Recommendation.  The court must therefore conduct a *de novo* review of the objections.

Plaintiff alleges the defendants used excessive force against him on June 6, 2014.  The Magistrate Judge concluded this matter was barred by the applicable statute of limitations because it was filed after the two year period of limitations expired.

In his objections, plaintiff states that he did not begin to show symptoms resulting from the beating until September, 2019.  He states he then began to experience drooling and uncontrollable muscle spasms and that his speech began to be impaired.  Plaintiff states that pursuant to the discovery rule, his cause of action did not accrue until September, 2019.

A court "determine[s] the accrual date of a § 1983 action by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008).  "Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when

**NOT FOR PRINTED PUBLICATION**

the plaintiff can file suit and obtain relief." *Id.* Generally, a cause of action accrues when a plaintiff suffers an injury. The plaintiff cannot wait until he knows the full extent of the injury before filing. *Delaware State College v. Ricks*, 449 U.S. 250, 258 (2011); *Wallace v. Koto*, 549 U.S. 384, 391-92 (2007).

In this case, plaintiff would have been able to file suit and obtain relief in 2014. At that point, he knew of the actions taken by the defendants and that he had suffered some injury as a result of their actions. The fact that he may not have then known the full extent of the injuries he suffered does not delay the accrual date of his lawsuit. Plaintiff's cause of action accrued on September 6, 2014, the date of the alleged beating. As a result, the Magistrate Judge correctly concluded that this lawsuit was filed after the applicable period of limitations expired.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

So ORDERED and SIGNED, Aug 15, 2020.

Ron Clark
Senior Judge